## WALDRON v. EVANS.

*1. VENUE:* CHANGE OF: DISCRETION. The county to which an action should be sent, on a motion for a change of venue under the Statute of 1862, is in the discretion of the court; *vide* 58, § 51.

*2. WRIT OF ERROR:* MOTION FOR A NEW TRIAL. It is not necessary to lay a foundation to bring a case into this court, that a motion for a new trial should be made in the court below.

*3. CONTRACT:* VALIDITY: MUTUALITY. To make a contract valid the minds of the parties thereto should meet.

*4. OFFICER:* PATRONAGE: CONSIDERATION FOR BESTOWAL. An official who has patronage to bestow, should not be influenced in its bestowment by any pecuniary consideration.

*5. EVIDENCE:* BOOKS: HOW INTRODUCED. Books of parties may be corroborative as evidence, or not, but the effect is left to the jury from inspection in connection with other evidence in the case   A party is not bound to introduce his book; the opposite party may introduce it, at any rate if there be no objections.

*6. ADMISSIONS:* COMPETENT EVIDENCE: WEIGHT. An admission of a party is evidence against him according to its terms and the circumstances under which it is made; but it is not the best evidence. The best evidence is what *actually* transpired between the parties.

### *Writ of Error to Clay County District Court.*

It appears that two actions were commenced by the defendant in error in the District Court, in the Second Judicial District, against the plaintiff in error, and by stipulation they were consolidated. A jury trial was had therein, October term, 1866, BARTLETT, C. J., presiding. The defendant in error recovered a verdict. The verdict was set aside and a new trial granted. The plaintiff in error moved to change the place of trial, and desired to have it sent to Bon Homme county. The court ordered it sent to the county of Clay, to which decision of the court, he excepted.

The petition of the plaintiff below set out a long account against the defendant, which had been running several years, amounting to several hundred dollars.

The answer of the defendant claimed that there was a settlement between the parties in September, 1865, of all matters in controversy, and there was then found due from him to the

Waldron vs. Evans.

plaintiff seventy-eight dollars and fifty cents, provided the plaintiff should complete and finish up defendant's house, which was then in an unfinished condition, which he never did do. He also claimed a set off, and a large balance due him.

The plaintiff in reply denied all which.

During the time that a portion of the accounts of the plaintiff below was accruing against the defendant, he was Provost Marshal in this Territory, and in their business matters in controversy in this action, was a certain special contract, about which there was testimony, *pro* and *con*, which tended to prove, that if the defendant would appoint the plaintiff his clerk, he might charge him, in their deal, a certain sum of money, which was agreed upon between the parties, which he did charge.

A trial by jury was had in Clay county, First Judicial District, June term, 1867, KIDDER, J., presiding.

The defendant below moved the court to dismiss the action for want of jurisdiction in the court to try the same, because the court in the Second Judicial District had no right by law or otherwise to send the case to Clay county, and that it should have been sent to Bon Homme county; the court house in the latter being nearer the one in Yankton, than is the court house in the former county.

The court *pro forma* overruled the motion to dismiss. To which decision, the defendant excepted.

Testimony was introduced, a part of which is hereinbefore detailed, when the court, among other things not excepted to, charged the jury, upon the requests of the plaintiff, as follows:

1. If the jury find from the evidence that a contract was entered into between the parties, which was made while the parties were under a mutual mistake as to material facts affecting its subject matter, the plaintiff understanding that he was to do chores and furnish cows for his board and washing, and the defendant understanding that he was to do carpenter work in addition, then the contract is invalid and may be avoided by either party in a court of law, and plaintiff may recover the value of his labor.

Waldron vs. Evans.

2. If the jury find from the evidence that a contract was entered into between the parties, by which the plaintiff was to do chores and carpenter work and furnish cows in consideration of his board and washing, and the jury further find from the evidence that the appointment of Deputy Provost Marshal or clerk to the Provost Marshal, constituted any part of the consideration of said contract, then they will treat such contract as absolutely void, and the plaintiff will not be precluded from recovering the value of his labor.

3. If the jury find from the evidence that a contract was entered into between the parties, by which the plaintiff was to do chores and carpenter work and furnish cows in consideration of his board and washing, and the jury further find from the evidence that a change made by defendant in appointing plaintiff clerk to Provost Marshal at Yankton, instead of Deputy Provost Marshal at Vermillion or Bon Homme, constituted any part of the consideration of said contract, then they will treat such contract as absolutely void, and the plaintiff will not be precluded from recovering the value of his labor.

### ADDITIONAL REQUESTS OF THE PLAINTIFF.

1. If the jury believe from the evidence that at the settlement in February, 1865, and 2d September, 1865, the settlement had reference to the cash accounts alone (so called) and did not embrace or include the carpenter work, and that on such settlement on the 2d September of the cash account, there was found a balance due Evans of $79.10, or $78.50, and the carpenter work was not included and has not been paid for, then the plaintiff would be entitled to pay for said carpenters, and in addition thereto said agreed balance of $79.10 together with interest on the same.

2. If the jury believe from the evidence that the plaintiff kept a fair book accounts of the work on the buildings, and the cash account, and has produced that book in evidence before you,—this fact of the plaintiff's production of his book of account is evidence strongly corroborative of his testimony; and on the other hand, if Mr. Waldron kept no book account or has not produced any book of such fact, of Waldron's not

producing a book of accounts weakens Waldron's testimony.

3.   The rule is that admissions are the weakest kind of evidence, as being liable to be misunderstood or misstated.

All of which were objected to by defendant's attorney, for the following reasons:

As to the *first* request, it is correct, so far as it goes; but the court desires to add: that to make a contract valid, the minds of the parties thereto should meet.   Now, if you should find that the parties did not agree in relation to what the plaintiff should do for the defendant, and what the defendant should do in payment therefor, there was no binding contract made, and the parties can each recover of the other in this action, for the items charged, in connection with the supposed contract, such sum as each reasonably deserves to receive for the same, as you may find from a fair balance of the testimony in relation to each of said items.

As to the *second* and *third* requests:   The court stated to the jury that such is the law—that the disposing of offices in this manner is against sound policy—that the man who has it in his power to bestow official patronage, should do so without being influenced by any pecuniary consideration; and the court further charged them, that if they should find the contract void, neither party would be precluded from recovering of the other party, as he had before stated to them in relation to the first request.

As to the additional requests of the plaintiff:   As to the *first* the court charged, it is correct so far as it goes, but in addition he said to them if you find, as there is testimony tending to prove that the carpenter work was settled, and so understood by both parties, then it could not be recovered in this action, and the plaintiff will start anew on the balance of $79.10, or $78.50, or on such balance as the parties agreed upon was due under the settlement of September 2d, 1865, which you will consider, and such other items as may have been omitted by mistake, or kept open by mutual agreement of the parties for further consideration.

As to the *second :*   The court charged that books of parties may be strongly corroborative of the testimony of the party—

if it is a fair book and kept in a manner that shows reliability on its face; but, if not kept in a fair manner, it would not corroborate the testimony of the party introducing it, but might have a tendency to discredit it. The effect of it, as evidence, is strictly a matter with you from its inspection and from the consideration of the evidence in the case in relation to its correctness.

A party is not bound to introduce his book. He may, or may not. If he does not, it is an act of the party which you are at liberty to consider unfavorable to him, if the facts and circumstances connected with the transaction are such as would justify you in so doing. In the present case, the book was offered to the plaintiff by the defendant to be put into the case as evidence by the former, if he desired to employ it for that purpose.

As to the *third*, the court charged: that an admission of a party is evidence against him, according to its terms. You will consider when and where the admission was made, and the cause of it; and did the witnesses, who have sworn to the admission, state all he said on the occasion? The weight of it is with you to determine its effect in connection with all the circumstances bearing upon it.

The admission of the plaintiff, as a matter of law, is not the best evidence in this case. What the parties actually did, and what occurred between the parties on the settlement, connected with the admissions, is the best evidence as to that point.

To the foregoing charge of the court, on the plaintiff's " requests " and " additional requests," the defendant excepted.

Defendant excepts at the time to the ruling of His Honor Judge Kidder, for allowing plaintiff to introduce testimony tending to impeach, contradict or discredit the book of defendant, which plaintiff introduced under the following circumstances:

Defendant placed said book in the hand of witness G. P. Waldron, by permission of the court, to refresh recollection of witness in relation to the entry of two settlements therein alleged to have taken place between the parties on the 13th

day of February and 2d day of September, 1865, respectively, and for no other purpose. Said book was not read or shown to the jury by defendant. At another stage of the trial plaintiff offered defendant said book as evidence to the jury on his part, the book being tendered the plaintiff by the deendant for that purpose, and then called James W. Evans, witness in the case, and offered to prove and introduced his testimony tending to show that defendant had made, since the last trial of this cause, a false entry of a settlement, to-wit: of September 2d, 1865. To which defendant excepted, because the testimony would tend to impeach the book which the plaintiff himself had introduced as testimony on his part.

The witness (Evans) testified that " this entry was not exhibited on the trial;" he had "no recollection of any such entry." " I did not see it (entry) on the other trial. I took the book into my hand." Entry from Waldron's book: " Settled this day with J. W. Evans all matters to date, except board from the 9th of June, 1865, and find due him $78.50. Sept. 2, 1865."

Ruling excepted to upon the part of defendant.

The jury returned a verdict for the plaintiff.

This action comes here by petition in error.

The defendant in error moves to dismiss the action hence, for the reason that in the court below, the plaintiff in error did not make a motion for a new trial.

*Spink* and *Hand* and *C. H. Brackett*, for the defendant in error.

*William Tripp*, for the plaintiff in error.

The court, after argument, overruled the motion to dismiss, and the case, on its merits, was elaborately argued by the counsel on both sides.

The opinion of the court was delivered by BARTLETT, C. J. The judgment of the court below was

AFFIRMED.*

*We cannot find, on file or elsewhere, any written opinion of the court, nor briefs of counsel.                                    REPORTER.