SING YOU v. WONG FREE LEE, *et. al.*

(WONG BUCK *et. al.*, Interveners.)

In an action to compel a conveyance of an interest in a mining claim, evidence examined and held to show that certain interveners had advanced the money to pay for a part of the interest purchased in plaintiff's name, so as to render them, under the direct provision of Comp.

Laws, § 2796, the beneficiaries of a resulting trust as to their proportionate share of such interest.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Lawrence county.    Hon. J. B, MOORE, Judge.

Action by Sing You against Wong Free Lee and another, in which Wong Buck and others intervene.    From a judgment in favor of defendants and interveners, and from an order denying a new trial, plaintiff appeals.    Affirmed.

*McLaughlin & McLaughlin,* for appellant.

The rule with reference to the evidence required to establish a resulting trust is that it must be clear, satisfactory and convincing.    The rule is based on the soundest legal principles, for the parol proof must, of necessity, be the testimony of witnesses as to what parties have said or verbally agreed to — a class of testimony notoriously weak — and the fact to be overturned is a writing, the best evidence as to where the legal title is.    Ringo v. Richardson, 53 Mo, 385; Hinton v. Pritchard (N. C.), 12 S. E., 242; Corder v. Corder, 124 Ill., 229, 16 N. E., 107; Lehman v. Lewis, 62 Ala., 129; McKinnon v. McKinnon, 46 Fed, 713; Kennedy v. Kennedy's Estate, 57 Mo., 73; 1 Whit & T. Lead.    Case, Eq., 335; Purcell v. Miner, 4 Wall, 513; Dreher v. Town of Fitchburg, 22 Wis., 643; Russell v. Miller, 26 Mich., 1.

No brief filed by respondent.

CORSON, J.    The plaintiff, Sing You, a Chinaman, brings this action against the defendants Young and Wong Free Lee to compel them to convey to him a one-eighth interest in certain quartz lodes situated near Deadwood, in the county of

Lawrence, of which he claims he is the owner.    The defendants deny that he is the owner of the one-eighth interest in the property, but admit that he is the owner of a one-sixteenth interest therein, and allege that they have delivered to him a deed for that interest.    Four other Chinamen—Wong Buck, Wong Nim, Kai Hock and Wong Hoy—claim to be the owners of the one-sixteenth interest in the said claims involved in this action, and have been allowed to file a complaint in intervention therefor.    The case was tried by the court without a jury, and it found the facts in favor of the defendants and interveners, and concludes as matter of law that the interveners are the owners of an undivided one-sixteenth interest in the property described in the complaint, that Wong Free Lee holds the record title to the said property in trust for the interveners, and that the action should be dismissed as to the plaintiff. From the judgment and order denying a new trial the plaintiff has appealed to this court.

The appellant contends that the court erred in finding the facts in favor of the defendants and interveners, for the reason that the evidence does not justify the same, and this is the only question discussed in the appellant's brief.    The evidence discloses that in 1893 the defendant Hiram B. Young was the owner of a one-eight interest in the mining claims in controversy, and the defendant Wong Free Lee six-eighths, and that the plaintiff received a deed for a one-eighth interest in the said claims, for which $1,500 was paid by Wong Free Lee, acting, as the plaintiff claims, for him solely, and, as the defendants claim, acting for the plaintiff and the four interveners.    The one-eighth interest, together with the six-eighths owned by the defendant Wong Free Lee, was conveyed to Hi-

ram B. Young to enable him to secure a patent therefor in his own name, and he entered into a written agreement with the plaintiff to reconvey to him the said one-eighth interest. While the proceedings for patent were pending, the plaintiff left for China, where he remained three years or more. While he was absent, and after the patent was issued, Wong Free Lee obtained from the said defendant Young a deed to himself for his six-eighths interest, and also the one-half of the one-eighth interest claimed by the plaintiff; and when the plaintiff returned from China and demanded a deed for the one-eighth interest he was informed by the said Young that he had conveyed one-half of the said interest to Wong Free Lee, and refused to convey to him any more than a one-sixteenth interest. The plaintiff testified that Wong Free Lee made the purchase for him, and that he drew from the bank, and gave to the said Lee, $500 in cash, and requested the said Lee to pay the balance from the sum due from him (Lee) to the said plaintiff, which the plaintiff claims was $2,100. It clearly appears from the evidence of the plaintiff that he had no knowledge of the amount that Lee paid for the property out of the money due him, and his theory that he paid $1,500 for the one-eighth interest is based entirely upon his claim that he paid $500 cash and his belief that Wong Free Lee advanced the $1,000 out of the money he claims was due him. Wong Free Lee, on the other hand, testified that in paying for the interest he paid only $750 for the plaintiff, and that the other $750 was money furnished by the interveners, who were also parties to the purchase, and that the deed was taken in the name of the plaintiff for the reason that he had advanced a larger sum, and had a larger interest, than either of the other four. Lee denied that

at the time of the purchase he was indebted to the plaintiff in the sum of $2,100, or in any sum in excess of $1,062.85, and that, subsequent to paying $375 for him on the purchase, he advanced to the plaintiff several hundred dollars to pay the expenses of his trip to China, and paid out the balance for work on the claim. The plaintiff admits that he received several hundred dollars from Lee, but claims that it only constituted the balance due after advancing the $1,000 to make up the amount for his interest in the mining claims. The plaintiff produced no books or vouchers showing that the defendant Lee was indebted to him in the amount claimed by him. The defendant Lee, on the other hand, seemed to have kept a very full book of account of his transactions with the plaintiff and the four interveners as to this one-eighth interest in the said claim. This book was produced on the trial, and the account fully examined by the court. This book tended very strongly to corroborate Lee's testimony, and he was further corroborated by the testimony of the interveners Kai Hock and Wong Buck, who both testified that at the suggestion of Wong Free Lee they agreed to take a share of this one-eighth interest at the time of the purchase, and that they, together Wong Nim and Wong Hoy, the other two interveners, advanced to Wong Free Lee $750 of the purchase money for the same, and that they were with Lee at the time he made the first payment on account of the purchase. They further testified that the deed was taken in the name of the plaintiff for the reason that he advanced a larger sum than either of the interveners. The defendants gave in evidence a receipt for $750, paid on the 24th of August, 1893, and specifying that the remaining payments were to be made $250 September 24, $250 October 24,

and $250 November 24, 1893. We are satisfied from the evidence, as was the trial court, that the statement of Wong Free Lee as to the parties who advanced the money to be paid for the one-eighth interest was as stated by him, and that of the sum so paid the plaintiff only advanced the sum of $750. And we are of the opinion that the court was fully justified under the evidence in finding that the plaintiff was only entitled to a deed for a one-sixteenth interest, and that the defendant Young was fully justified in conveying the other one sixteenth interest to Wong Free Lee as trustee for the interveners.

The evidence is quite voluminous, and its reproduction in this opinion would serve no useful purpose. It is insisted on the part of the appellant that the rule with reference to the evidence required to establish a resulting trust is that it must be clear, satisfactory, and convincing. In Howland v. Blake, 97 U. S. 624, 24 L. Ed. 1027, the supreme court of the United States, speaking upon this subject, says: "In each case the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writings will be held to express correctly the intention of the parties." And this view seems to be sustained by the following authorities: 1 Story, Eq. Jur. § 157; 2 Pom. Eq. Jur. § 1040; Dalton v. Dalton, 14 Nev. 419; Maxwell Land Grant Case, 121 U. S. 365, 7 Sup. Ct. 1271, 30 L. Ed. 949; Crissman v. Crissman, 23 Mich. 217; Nicolls v. McDonald, 101 Pa. 514; Stockbridge Iron Co. v. Hudson Iron Co., 107 Mass. 290; Lench v. Lench, 10 Ves. 511; Nevius v. Dunlap, 33 N. Y. 676. We are of the

opinion that this rule was not violated by by the trial court in its findings of fact in this case.    When the evidence is critically examined, no serious conflict will be found in the same. As before stated, plaintiff's theory that he advanced the $1,500 consideration for the one-eighth interest is based entirely upon the supposition that Wong Free Lee advanced for him $1,000. It is perfectly clear, however, from the evidence, that Lee only advanced on account of his indebtedness to the plaintiff a sum sufficient to make up $750, and that of the $1,500 $750 was advanced by the interveners, for whom the said Lee was acting, as well as for the plaintiff, in the purchase of the one-eighth interest.    It clearly appears from the memorandum receipt introduced in evidence that the payment was made in four installments, covering a period of some three months. The plaintiff, Sing You, apparently had so little knowledge of the transaction, the manner in which the payments were made, and the amount advanced for him by the defendant Lee, that his evidence upon the question is entitled to but very little weight.    The evidence of the defendants and interveners, taken together with the vouchers and books of account produced, clearly satisfy us that the interveners advanced $750 of the $1,500 paid for the one-eighth interest so conveyed to the plaintiff, and hence, under the provisions of section 2796 of the Compiled Laws, they were entitled to a one-half of the one-eighth interest so purchased.    That section reads as follows: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."    The same rule applies where a part of the purchase money has been advanced by one party, and the title

is taken in the name of the party who has advanced the balance of the purchase money. The party advancing a portion is entitled to his pro rata share of the property purchased.

The judgment and order of the circuit court are affirmed.