[Civ. No. 1255.   Third Appellate District.—October 30, 1914.]

ELVIN ADAMS, Respondent, v. C. GERIG, Appellant.

ACCOUNT STATED—ABSENCE OF FRAUD—FAIRNESS OF TRANSACTION—FINDINGS SUPPORTED BY EVIDENCE.—In this action upon an account stated it is held, on an appeal from the judgment, that the findings of the court as to the absence of fraud and the fairness of the transaction culminating in the statement of account, are abunddantly supported.

ID.—EVIDENCE OF OMISSIONS AND ERRORS ADMISSIBLE.—In an action upon an account stated it is proper for the court to allow evidence of omissions and errors therein. In such a case the whole account need not be opened and readjusted, but the mistake can be corrected and the rights of the parties readjusted as to such mistake, and the parties are bound by the balance of the account.

APPEAL from a judgment of the Superior Court of Lassen County.   H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

R. M. Rankin, for Appellant.

Pardee & Pardee, for Respondent.

BURNETT, J.—An examination of the record shows justification for the following statement of facts made by respondent: "Plaintiff and his wife were hired by the defendant to work upon the latter's farm in Lassen County, the plaintiff to do general farm work, and his wife to do housework. They commenced work under this employment April 8, 1909, and continued, with some intervals of lost time, until September 21, 1911. The agreed wages for Mrs. Adams were fifteen dollars per month, or fifty cents per day, at all times except during haying and harvesting, when she was to have

thirty dollars per month, or one dollar per day. There is
some conflict as to plaintiff's ordinary wages; he says the
agreement was forty dollars per month while defendant as-
serts the wages were to be thirty-five dollars per month. But
there is no dispute that his pay was to be two dollars per day
during haying and two dollars and fifty cents per day during
harvest. In October, 1911, after the termination of the em-
ployment, the parties attempted to settle at the defendant's
farm; but they could not agree as to the state of their ac-
counts, and at the suggestion of the defendant they went,
on October 23, 1911, to Bieber's store at McArthur, in Shasta
County, to have R. E. Dunlap, the manager of that store,
help them to settle. So they submitted their various memo-
randa to Mr. Dunlap, and he prepared for them a state-
ment of the account, showing a balance due the plaintiff of
$1,192.73. Dunlap was entirely disinterested, and did not in-
fluence, or attempt to influence, either party. Defendant
signed the statement of account, certifying that he owed the
plaintiff the balance therein stated, his signature being by
mark and witnessed by Dunlap.'' There was a clerical error
of twenty-five dollars in the account and some items were
inadvertently omitted from the settlement. These items are
mentioned in the findings and were taken into account in
arriving at the amount of judgment given to plaintiff.
''After the statement of the account, and before the plaintiff
sued, the sum of $426.40 was paid on account by the defend-
ant. The plaintiff commenced his action August 9, 1912,
basing it on the account stated.'' Defendant by his answer
denied that the account was stated and alleged that plaintiff
and Dunlap presented the account to defendant and requested
him to sign it and, upon his objection, urged and persuaded
him to sign it and falsely and fraudulently represented to him
that it was true and correct. It is further alleged that the
account is not correct; ''that mistakes were made in the
computation of wages of plaintiff and his wife; that it does
not contain all the cash or merchandise received by plaintiff
from defendant, and that many items of account were omitted
therefrom.'' The cause was tried upon the issues as thus
presented, the fullest opportunity being afforded to show the
inaccuracy of said account or that fraud or improper in-
fluence was practiced, and the court gave judgment to plain-
tiff for $723.12 and found that ''the account was stated as

alleged by plaintiff; that it was fairly stated and no fraud was perpetrated and no false representations were made by plaintiff or any one acting for him; but that all mistakes were mutual.''

The appeal is from the judgment. The finding of the court as to the absence of fraud and the fairness of the transaction culminating in the said statement of account is abundantly supported. Indeed, as claimed by respondent, the testimony of the defendant himself would be sufficient for that purpose and the account of the settlement and of the surrounding circumstances given by Mr. Dunlap, an entirely disinterested witness, could lead the court to no different conclusion.

The only other question of moment is whether it was proper for the court upon an action for account stated to allow evidence of omissions and errors therein and to find in favor of plaintiff in accordance with the developed facts. As to this, under the decisions, there can be no kind of doubt.

The rule is, as stated in *Branger* v. *Chevalier,* 9 Cal. 353, as follows: ''Accounts stated may be opened, and the whole account taken *de novo,* for gross mistake in some cases; but this can only be done when the gross error affects all the items of the transaction. When the clear mistake affects only a portion of the items of the stated account, it will be permitted to stand except so far as it can be impugned by the party alleging the error. And when the party who seeks to go behind the stated account, goes into particulars, and specifies the items improperly charged or omitted, he is confined to those items, and the remainder of the account must *stand.*''

In *Carpenter* v. *Kent,* 101 N. Y. 591, [5 N. E. 787], the same question was considered and the court said: ''We do not think that the defendants had the right to have the whole account opened, but that they were bound by the account actually settled, unless they could show some mistake or fraud in the settlement. Where an account has thus been adjusted by the parties, if any mistake is subsequently discovered, the whole account need not be opened and readjusted, but the mistake can be corrected and the rights of the parties readjusted as to such mistake.''

It is useless to multiply quotations, but, as sustaining the same doctrine, we may mention the following additional

authorities; *Tuggle* v. *Minor,* 76 Cal. 100, [18 Pac. 131];
*Conville* v. *Shook,* 144 N. Y. 688, [39 N. E. 405]; Story's
Equity Jurisprudence, 13th ed., secs. 523, to 525; 1 Ruling
Case Law, p. 220.

Under the issues as made by the complaint and answer the
court very properly allowed, therefore, said account to be
surcharged and falsified and directed judgment in favor of
plaintiff for $723.12 instead of $766.40, as claimed.

The findings of fact are supported, they are within the
issues and they in turn support the judgment and we have
discovered no reason for interfering with the conclusion of
the lower court. The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.