[Civ. No. 2630.   First Appellate District, Division One.—March 26, 1919.]

# H. R. WHITE, Appellant, v. E. O. THOMPSON et al., Respondents.

[1] ACCOUNT STATED—IMPEACHMENT FOR FRAUD OR MISTAKE.—While a suit to open, surcharge, or falsify an account is one proper for equitable jurisdiction, yet the rule seems to be established that a stated account- need not be impeached by a direct suit brought for that purpose, but may be impeached for fraud or mistake either at law or in equity whenever it is brought forward as a defense or cause of action.

[2] ID.—OMITTED ITEMS — MISTAKE — ASSUMPSIT.—An action in *assumpsit* will lie to recover for items of indebtedness omitted by mistake on a settlement of an account, if there is no other objection.

[3] ID.—WHEN NOT BAR TO RECOVERY.—An account stated does not bar a recovery for items not within the contemplation of the parties when the settlement was mad‸, nor for those omitted by mistake, nor for such as were left open for further consideration.

[4] ID.—FINAL SETTLEMENT—PRESUMPTION NOT CONCLUSIVE.—Parties to an account stated, signed by them, are not concluded by the presumption that it was a final settlement of all valid debts, debits, and credits, as to matters which were not contemplated by them, or which were not included in the settlement, though they existed at the time.

[5] ID.—DISCOVERY OF MISTAKE — ADJUSTMENT OF ACCOUNT.—Where an account has been adjusted by the parties, if any mistake is subsequently discovered, the whole account need not be opened and readjusted, but the mistake may be corrected and the rights of the parties readjusted as to such mistake.

[6] ID.—ASSUMPSIT—EVIDENCE.—In an action in *assumpsit* to recover an item of indebtedness which was entirely omitted in negotiations leading to an account stated, the court may properly allow evidence of the details of the transactions between the parties.

[7] ID.—ASSIGNMENT.—Such a cause of action in *assumpsit* to recover an item of indebtedness which was omitted from the negotiations of the parties leading to the settlement of the account between them, is assignable.

[8] ID.—PAYMENT—BURDEN OF PROOF.—In such an action, the burden of proof of payment is on the defendants.

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Reversed.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck and H. B. Dormans for Appellant.

Everts & Ewing and W. E. Simpson for Respondents.

WASTE, P. J.—Plaintiff appeals from the judgment of nonsuit and dismissal.

From the bill of exceptions the following facts appear: The defendants, copartners, on or about June 20, 1915, ordered from the Santa Cruz Portland Cement Company a carload of cement of the value of $820.70, which is the subject matter of the action, and agreed to pay for the same within a reasonable time after it was delivered to them. The Cement Company shipped the cement to the defendants at Visalia, as the consignees. On the 28th of June of the same year defendants wrote to the Cement Company, stating that they had delivered the cement to W. H. Worswick, Jr., and requested the Cement Company to give the defendants credit for the sale price of the cement and forward the invoice covering it to said Worswick at Visalia. Believing that an arrangement had been made between Worswick and the defendants, whereby Worswick had agreed to pay for the cement, and induced by this belief, the Cement Company gave Thompson Brothers credit for the cement and the charge was then made by it against Worswick for the amount, which appears to have been his initial account with the company.

Some months later the defendants and the Cement Company had an accounting with each other, from which it appeared that there was a balance due to the defendants from the Cement Company, in the sum of $412.57. At the request of defendants this credit balance on the books of the company was transferred to the credit of other parties, and the account was considered settled. Shortly thereafter, the Cement Company learned for the first time that the defendants had merely loaned the cement in question to Worswick, and that it had all been returned by him to the defendants, and that there had never been any agreement between defendants and Worswick for the payment by him to the company.

Immediately upon ascertaining these facts, the Cement Company canceled the credit theretofore entered on its books

in favor of the defendants, likewise canceled the charge it had entered against Worswick, and re-entered the amount of $820.70 on its account against the defendants. After attempting to collect the amount, which defendants refused to pay, the Cement Company assigned, and set over, to the plaintiff the account, and plaintiff instituted this action. The complaint is in five counts, the first four being common counts, and the fifth setting out the facts, substantially as they appear from the evidence. At the conclusion of plaintiff's case, from which the foregoing facts appeared, the court granted defendants' motion for a nonsuit, and plaintiff appeals. The action of the trial court in sustaining defendants' motion for a nonsuit is the sole assignment of error on appeal.

The action of the trial court in granting the nonsuit appears to have been based upon the contention of the defendants at the trial, the respondents here, that the evidence showed an account stated between the Cement Company and defendants existing on and after October 20, 1915; that said account having been based on cross-items and settled by payment, it could be reopened and corrected only by an equitable action to surcharge, falsify, or correct the account; and on the further ground that any claim based upon such an account stated was not assignable. It appears to us that the action at bar is merely a legal action in *assumpsit* to recover an item of indebtedness owing from defendants to plaintiff's assignor, which was entirely omitted in the negotiation leading to the account stated.

[1]    "While a suit to open, surcharge or falsify an account is one proper for equitable jurisdiction, yet the rule seems to be established that a stated account need not be impeached by a direct suit brought for that purpose. It may be impeached for fraud or mistake either at law or in equity whenever it is brought forward as a defense or cause of action." (1 Corpus Juris, 715.)

[2]    An action in *assumpsit* will lie to recover for items of indebtedness omitted by mistake on a settlement of an account, if there is no other objection. (*Sage* v. *Hawley,* 16 Conn. 106, [41 Am. Dec. 128]; *Perkins* v. *Hart,* 11 Wheat. (U. S.) 237 [6 L. Ed. 463, see, also, Rose's U. S. Notes]; *Harman & Crockett* v. *Maddy Bros.,* 57 W. Va. 66, [49 S. E. 1009].)

[3]    An account stated does not bar a recovery for items not within the contemplation of the parties when the settle-

ment was made. (*Clarke* v. *Kelsey,* 41 Neb. 766, [60 N. W. 138] ; *Lawler* v. *Jennings,* 18 Utah, 35, [55 Pac. 60]) ; nor for those omitted by mistake; nor for such as were left open for further consideration. (*Waldron* v. *Evans,* 1 Dak. 11, [46 N. W. 607].) **[4]** Parties to an account stated, signed by them, are not concluded by the presumption that it was a final settlement of all valid debts, debits, and credits, as to matters which were not contemplated by them, or which were not included in the settlement, though they existed at the time. (*Treacy* v. *Powers,* 112 Minn. 226, [127 N. W. 936].) **[5]** Where an account has been adjusted by the parties, if any mistake is subsequently discovered, the whole account need not be opened and readjusted, but the mistake may be corrected and the rights of the parties readjusted as to such mistake. (*Carpenter* v. *Kent,* 101 N. Y. 591, [5 N. E. 787].)

**[6]** The action of the trial court, in admitting evidence of the details of the transaction between the Cement Company and defendants, was proper. In such actions, the court may allow evidence of omissions and errors therein and find in accordance with the developed facts. (*Adams* v. *Gerig,* 25 Cal. App. 638, [145 Pac. 106], and cases cited; see, also, *McLelland* v. *East San Mateo Land Co.,* 166 Cal. 736, [137 Pac. 1145].)

**[7]** Respondent takes the ground that the case at bar is a suit to surcharge, falsify, and correct an account stated, and that a cause of action for fraud is not assignable. As we view the action, it is rather one in *assumpsit* to recover on an existing obligation, which was omitted from the negotiations of the parties leading to the settlement of the account, and which remained an existing legal obligation, upon which the parties had an assignable cause of action.

The assignment by the Cement Company to plaintiff was of its account with, and claim, and cause of action in the sum of $820.70 against defendants. The claim of the Cement Company against the defendants was the legal right to collect, and reduce to possession, its claim for $820.70. This was a property right which had an existing value. By reason of the assignment, therefore, plaintiff acquired a substantial thing in action arising out of the obligation resting on the defendants to pay the Cement Company the amount due thereon, and one capable of being transferred by the owner. (Civ. Code, sec. 954.)

[8]   Respondent makes the point on appeal that it does not appear from the evidence that the amount sued for was not paid to the assignee, the only proof being the testimony of the auditor of the Cement Company: "Our books show that there is still due, owing and unpaid by Thompson Brothers the sum of $820.70 on the two cars referred to." The plaintiff was not required to prove negative allegations. The burden of proof of payment was on the defendants. (*Melone* v. *Ruffino*, 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93].)

The defendants' motion for nonsuit and dismissal should have been overruled. The judgment is reversed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 22, 1919.

All the Justices concurred.