STARR, Respondent, v. BALDWIN PIANO CO., Appellant.

(238 N. W. 877.)

(File No. 7137. Opinion filed November 10, 1931.)

*Matz & Wipf,* of Huron, for Appellant.
*Fellows, Fellows & Whiting,* of Mitchell, for Respondent.

RUDOLPH, J. This is an appeal from an order overruling a demurrer to the complaint of the plaintiff. The complaint for a first cause of action alleges in count one: "That sometime during the year 1925, at a time best known to the defendant, an account was stated by the plaintiff and defendant by which there was ascertained to be due and owing plaintiff from defendant, a balance of $71.65, and that no part thereof has been paid, and that said sum is now due and owing."

The complaint then alleges causes of action two, three, four, and five in the identical language of the first count, with the exception that the amount claimed to be due is different in each of the five causes of action. For a sixth cause of action, the plaintiff has stated as follows: "That the defendant is indebted to plaintiff for certain services performed by plaintiff for the defendant, at the instance and request of defendant, as its agent, in the City of

Pierre, South Dakota, on account for services for selling certain pianos for the defendant; that the agreed value of such services is the sum of $245.69, and that prior to the commencement to this action plaintiff demanded said sum from defendant, but that the defendant has not paid the same or any part thereof."

The plaintiff's prayer for judgment asks for the amounts claimed to be due in each of the first five causes of action or for the sum of $245.69, the amount claimed to be due under the sixth cause of action. The total of the separate amounts claimed in each of the first five causes of action is the same amount as claimed under the sixth cause of action. As a seventh cause of action, the plaintiff seeks to recover upon another alleged open account.

The defendant demurred to the complaint on the grounds: First, that several causes of action have been improperly united; second, that the complaint does not state facts sufficient to constitute a cause of action; and third, that the separate counts do not state facts sufficient to constitute a cause of action.

It is contended by appellant that the facts alleged in the first, second, third, fourth, or fifth purported causes of action, standing alone, do not state facts sufficient to constitute a cause of action against the defendant and appellant. In this connection, it should be said here that the appellant, at the oral argument, waived the position taken in its written brief, to the effect that no cause of action was stated against the defendant in the separate counts because the corporate existence of the defendant was not alleged in each count. The question presented by this first contention of the appellant is: Are the facts stated in this first alleged cause of action sufficient to state a cause of action upon an account stated against the appellant? This court, in the case of Krueger v. Dodge, 15 S. D. 159, 87 N. W. 965, 967, approved the language of the Nebraska court, Claire v. Claire, 10 Neb. 54, 4 N. W. 411, wherein it was said, with reference to an account stated: "The simple rendering of an account between the parties and agreeing upon the amount due are sufficient facts on which to maintain an action."

In the case of Chittenden & Eastman Co. v. Leader Furniture Co., 23 Ariz. 93, 201 P. 843, a complaint in the form following was upheld: "That on or about March 7, 1921, an account was

stated by and between plaintiff and defendant by which there was ascertained to be due and owing plaintiff from defendant, a balance of $2,000."

The term, a "stated account" or "an account was stated," signifies that an agreed balance was determined between the parties to a settlement; that is, that they have agreed, after an investigation of their accounts, that at a certain time a certain balance is due one to the other. We are therefore of the opinion that a cause of action is stated in each of the first five counts.

■■ The appellant further contends that several causes of action have been improperly united. The appellant argues that it is apparent from the complaint that the sixth cause of action, wherein it is sought to recover the identical amount claimed by the first five causes of action, is an attempt to recover upon an open account for the same items, that in the first five causes of action have been alleged to have been reduced to accounts. stated, and that therefore causes of action have been improperly united. With this contention we are unable to agree. The prayer for judgment is in the alternative, either for the amounts claimed in the first five causes of action or for the amount claimed in the sixth cause of action.

"It is a familiar rule of pleading that when the plaintiff has two or more distinct reasons for obtaining the relief sought or when there is more or less uncertainty as to the ground of recovery or to exigencies of proof, the petition may set forth a single claim in more than one count." 21 R. C. L. 470.

See, also, Norbeck & Nicholson Co. v. Pease, 21 S. D. 368, 112 N. W. 1136, and Ede v. Ward, 32 S. D. 351, 143 N. W. 269.

"A party may join a count for the original debt with a count upon an account stated and in such condition of the pleadings, should he fail upon the account stated, he may recover upon the original debt; and the converse is likewise true." 1 C. J. 724.

The appellant also contends that several causes of action have been improperly united for the reason that there can be but one account stated between the same parties, and here five are pleaded. The appellant maintains that the term "account stated" necessarily implies a final and complete settlement, and must include all accounts between the parties. This is not the rule.

"While there is some authority to the effect that it is not enough to constitute an account stated that it may contain some items conceded to be correct when at the same time other items are disputed, but all items must be conceded to be true, the general rule is that the mere fact that one or more items in an account are disputed does not prevent the account from becoming an account stated as to all the items admitted to be correct. In other words the balance found need not be complete and final, for in the last analysis an account stated is nothing more than an agreement between the parties as to the items considered. If the agreement is that the balance found is final and complete, it constitutes an account stated as to every item; but, upon the other hand, a court cannot limit the right parties have to make such lawful contracts as they choose, and, therefore, to agree as to certain items and leave open for adjustment or adjudication other items. It is open for the parties to show in what regard the account stated was made, and that certain matters were excluded from consideration, and as to those matters they are not concluded by the account stated." 1 R. C. L. 210.

See, also, Ingle v. Angell, 111 Minn. 63, 126 N. W. 400, 137 Am. St. Rep. 533, 20 Ann. Cas. 625; Tuggle v. Minor, 76 Cal. 96, 18 P. 131; Graham v. Chubb, 39 Mich. 417; Wiggins v. Burkham, 10 Wall. 129, 19 L. Ed. 884, and note in vol. 20 Ann. Cas. page 626.

"The term 'stated account' is but an expression to convey the idea of a contract, having an account for its consideration." Auzerais v. Naglee, 74 Cal. 60, 15 P. 371, 372.

An "account stated" is an agreement between the parties to an account that the items included therein are correct, and agreeing upon the amount due. We know of no reason why parties cannot agree upon their accounts as often as they desire. Whether or not an account, once it is stated, is included in a subsequent agreement between the parties wherein they state an account, is a question of fact to be determined from the agreement.

The complaint could not in any sense qualify as an artistic pleading, but we are of the opinion that it is not subject to demurrer, and the order overruling the demurrer is affirmed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J. (concurring specially). This complaint certainly merits neither approval nor approbation. It may be true, however, that it should be attacked otherwise than by demurrer. With some reluctance, therefore, I concur in the result above reached.