### BAKER v. HOLLAND FURNACE CO.

No. 5948. Decided August 11, 1938. (81 P. 2d 1114.)

*Roberts & Roberts,* of Salt Lake City, for appellant.

*J. C. Halbersleben,* of Provo, for respondent.

FOLLAND, Chief Justice.

D. S. Baker brought suit against the Holland Furnace Company to recover certain amounts alleged to be due under several contracts between the parties. The amounts claimed by plaintiff to be due him arose out of and by virtue of his being employed as manager of the branch office of the defendant company at Provo, Utah. Defendant answered denying that any of the claimed amounts were due under any of the five causes of action set out by plaintiff, and by way

of counterclaim alleged certain sums were owing by plaintiff to it.

The court, on motion of defendant, directed a verdict on the first cause of action. No cross-appeal was taken as to that. On the other four causes of action the jury returned a verdict in favor of plaintiff and against defendant. On defendant's first counterclaim the jury returned a verdict in defendant's favor, but on the second counterclaim a verdict was rendered in favor of plaintiff and against defendant. Defendant appeals and assigns numerous errors.

The first assigned error is the refusal of the court to grant defendant's motion to refer the action to a referee for an accounting. It is alleged that such refusal deprived defendant of substantial rights and prevented it from having a fair trial. Defendant's motion for a reference was made under Sec. 104-27-2, R. S. Utah 1933, which is in substance that upon motion of either party or upon its own motion the court "may" direct a reference where the trial of an issue of fact "will require the examination of a long account on either side."

That statute is directory, not mandatory. It reads that the court "may * * * direct a reference", and does not say that the court "must." Other courts have held that under such a statute the granting of a reference is discretionary with the trial court and a motion for reference may be granted or denied. *Poultry Producers' Union* v. *Williams,* 58 Wash. 64, 107 P. 1040, 137 Am. St. Rep. 1041, (where a long and complicated account was involved. The court held it was within the discretion of the trial court to refer it to a referee). In that case the court said (page 1043) : "Under the statute, it is a matter of discretion with the trial judge. *Lindley* v. *McGlauflin,* 57 Wash. 581, 107 P. 355." To the same effect are the following, wherein it was held not to be error to refuse to grant a reference: *Emery* v. *Mason,* 75 Cal. 222, 16 P. 894; *Washington Nat'l Bank* v. *Myers,* 104 Kan. 526, 180 P. 268; *Suit* v. *Gibson,* 106 Kan. 666, 189 P.

144; *Johnson* v. *Jones,* 39 Okl. 323, 135 P. 12, 48 L. R. A.,
N. S., 547. In the latter case the court said (page 18) :

"Section 5019, Revised Laws 1910, provides that the court may direct a reference in cases such as the one under consideration. The court is never required or compelled to do so."

Ordinarily a court should deny a jury trial and submit to a referee or to the court without a jury any case involving a long or complicated account. While this is discretionary with the trial court, we should be inclined to reverse, as an abuse of discretion, any such case where it appeared from the record that the jurors because of the nature of the account must not have been able to comprehend clearly the issues involved. However, there is not anything here to indicate that the jurors were confused or had to speculate in reaching a decision. There was very little detailed accounting involved in the trial of this cause, and we can find no evidence in the record which could not have been clearly understood by the jury. We have read the record and believe that the court stated every issue to the jury clearly and concisely in its instructions so that there could have been no misunderstanding as to the issues involved. The trial court did not deprive defendant of an opportunity to present all the evidence, nor has defendant shown that it was denied any substantial right. There was no abuse of discretion in denying the motion for a reference.

Appellant has listed twenty other assignments of error. We shall discuss them in connection with the particular cause of action or counterclaim to which they refer.

Appellant contends that the court erred in overruling its motion for a directed verdict on the second cause of action for the reason that the evidence was "insufficient to show that the said appellant was indebted to the said respondent in the sum of $795.77, or any other sum, save and except the sum of $533.24, which sum was subsequently paid to the said plaintiff and respondent." That there was evidence on the part of respondent to show such an indebtedness is admitted by appellant's counsel in their brief. They state:

"The evidence submitted to the court in the second cause of action (page 2 of Abstract) by the respondent shows a credit balance of $795.77, while the account presented by the appellant (page 5 of Abstract) shows a credit balance of $533.24, a difference of $262.53."

Upon examining the record we have concluded that there was no error in refusing to direct a verdict for the defendant. Plaintiff introduced evidence showing a balance due of $795.77, while the evidence introduced by defendant indicated a balance due of $533.24, which, according to defendant's evidence, was subsequently paid through credits to plaintiff. The difference between the $795.77 sum claimed by plaintiff and the sum of $533.24, admitted to have been due by defendant, with the exception of a $4 item, arises out of a dispute as to the amount of "removals and cancellations" the plaintiff should have been charged with. Plaintiff testified on direct examination as follows:

"Q. Now, with respect to removal and cancellation of sales made prior to 1931, what cancellations were made of sales, Mr. Baker? A. $125 cancellation.

"Q. What sale was that? A. That was a sale to George Beardall, of Springville. * * * I sold him a furnace and give him credit for $125 for his old furnace. In fact, I sold him two furnaces and took his old one back at $125.00.

"Q. And that was handled as cancellation? A. That was with the old furnace was removed and returned to the warehouse."

As to how he arrived at the final figure which he claimed to be due him, he testified:

"Q. And the 15 per cent on net sales you figured on your $5275.42? A. Yes, sir.

"Q. And how much did that amount to—$791.31? A. $791.31, was it?

"Q. Yes."

Staal, accountant for defendant company, testified:

"Q. Now, what does the Holland Furnace Company's figure show was due and owing to Mr. Baker at the close of this period? A. At the close of March 31, 1931, we owed Mr. Baker $531.24.

"Q. Now under cause number two Mr. Baker sets forth that the Holland Furnace Company owed him $795.77; is that correct? A. Yes, sir.

"Q. That leaves a difference of what amount, Mr. Staal? A. That leaves a difference of $262.53.

"Q. And was that the difference between your figures and cancellation of this Ivins contract, 16 and 17, by the recharge of the debit to his account? A. It is part of the difference.

"Q. That is part of the difference, yes, how much is that difference? A. Four dollars.

"Q. Four dollars. Now, what is the other difference? A. Our figure on removal and cancellation is $393.95; Mr. Bakers is $125; or a difference of $268.95.

"Q. Can you show that? A. Yes, sir, our exhibits.

"Q. What exhibits show that? * * * A. The exhibits have been introduced. It is 'Removal and Cancellations of Previous Years Sales,' that is the heading of it."

Concerning the $4 item, it arose out of a dispute as to the total sales. The evidence as to it was slight, but it was considered at the trial by defendant's counsel as trivial. In a statement to the court, counsel said that the item did not "make any difference."

Under these circumstances we cannot say that the court should have directed a verdict in favor of appellant herein. Neither can we say that it was a question of law to be determined by the court. The ultimate question to be determined was whether there was a sum due and owing by defendant to plaintiff. The evidence was conflicting, but the question was properly one for the jury to determine.

Appellant further contends that the court erred in submitting the second cause of action to the jury on the ground that there was an account stated between the parties which account was conclusive as to plaintiff's rights during the period covered by the transactions involved in the second cause of action. Assuming that there was an account stated which defendant set up as a defense to the second cause of action, yet it would not bar plaintiff's recovery. The period covered by the account, as indicated thereon, is the fiscal year ending March 31, 1932. The

period, therefore, covered would be between April 1, 1931 and March 31, 1932. But the transactions relied on by plaintiff to support his second cause of action took place between January 1, 1931 and March 31, 1931, and do not come within the period stated in the account. It is urged, however, that the stated account was final as to all amounts theretofore owing plaintiff by defendant. We cannot agree with this argument. There is not anything on the face of the account to indicate that it was a final settlement for all claims theretofore existing in favor of plaintiff. In the very words of the account it is a "Settlement for Fiscal Year Ended March 31, 1932."

There is also another reason why this assignment must fail. The defense of account stated was not raised as to the second cause of action before the lower court, either in the pleadings or during the trial of the case. It was not until appellant made up its assignments of error ■ that this defense was mentioned. In order to avail himself of an account stated, the party claiming the same must rely on it at the time of the trial of the cause; and if he relies on the merits of the account generally, he cannot later set up the defense of an account stated. *Branum* v. *Burns*, 121 Okl. 5, 247 P. 58; *Bump* v. *Cooper*, 20 Or. 527, 26 P. 848; *Harrison* v. *Henderson*, 67 Kan. 202, 72 P. 878. In the latter case the court held:

"Where action is brought and defended as upon the original account, the 'account stated' is waived, even if it had been theretofore agreed upon."

It follows that appellant's assignment of error to the effect that "the verdict and judgment entered in the cause of action is contrary to the law and the evidence in the case" must fail. There was substantial evidence from which the jury could find that the defendant was indebted to the plaintiff in the sum of $262.53.

On the third cause of action appellant has made similar assignments of error. We have examined the record fully

and cannot sustain any of appellant's arguments. Some question, however, arises as to the defense of an account stated to plaintiff's third cause of action. The transactions set out in plaintiff's third cause of action took place between January 1, 1931 and May 26, 1931. As we have already said, the account stated is not conclusive as to plaintiff's rights existing prior to April 1, 1931. But there is a period from April 1, 1931, to May 26, 1931, involved in the third cause of action, which comes within the period covered by the final settlement between the parties. There is no way of telling how much of plaintiff's claim is based on this period. The record does not disclose this. Nor does the account stated set out what transactions or claims are included within it. Appellant has not attempted to separate the transactions so as to indicate that some took place within the period covered by the account stated. In fact, there is nothing to indicate that these matters, arising under plaintiff's third cause of action, were included or were meant to be included within the settlement. Under such circumstances it was not error for the court to refuse to direct a verdict for defendant on plaintiff's third cause of action. An account stated is no defense in a suit for omitted items not within the contemplation of the parties when the account stated was entered into. *Crawford* v. *Hutchinson,* 38 Or. 578, 580, 582, 65 P. 84; *Miller* v. *Ashley & Rumelin,* 127 Or. 215, 271 P. 596; *White* v. *Thompson,* 40 Cal. App. 447, 180 P. 953. In the case at bar it appears clear that it was not within the contemplation of the parties to include these unsettled items arising from transactions only partly covered by the period involved in the final settlement within the account stated.

Appellant's assignments of error to plaintiff's fourth and fifth causes of action are similar to the errors assigned to the second and third causes (with the exception of those involving the defense of an account stated). Upon examining the record we conclude that the assignments to these causes of action must also fail for the reasons heretofore expressed:

(1) That there was substantial evidence to support the claims made by plaintiff against defendant. This evidence could be set out, but it is not necessary to do so. (2) That the questions presented by the evidence were proper ones for the jury to determine upon the court's instructions. (3) That the court did not err in refusing to direct a verdict for defendant. (4) That the conclusions reached by the jury were not contrary to the law and the evidence.

Appellant has further assigned as error the court's instruction to the jury as follows:

"You are instructed that if the defendant company entered into contracts for the complete installation of the furnaces involved in the plaintiff's third cause of action and had not, at the time the plaintiff became branch manager at Provo, completely installed said furnaces, and the plaintiff, for and on behalf of the defendant company, completed the installation of said premises pursuant to the contract made by the company with the persons for whom the furnaces were installed, and the company received the benefit of the work and labor and materials furnished by the plaintiff, the defendant would be liable to the plaintiff for the reasonable value thereof."

The court committed no error. Appellant contends that the instruction "was contrary to the terms and conditions of said contract between the Holland Furnace Company, appellant, and the said D. S. Baker respondent." Plaintiff's third cause of action was not brought under the written contract of employment with defendant company, but it arises by virtue of the work itself, together with the fact that the district manager approved it and instructed the plaintiff to go ahead with the work. It is true that the book of rules, which by reference was made a part of the contract of employment, provided that the company would not be held responsible for any special agreement between the branch manager and the division manager, unless such was incorporated in the contract. But this does not preclude recovery under the circumstances here presented for the reasonable value of the labor and materials furnished by the plaintiff. The defendant company had previously en-

tered into contracts with several individuals for the sale and complete installation of some furnaces. This work had not been completed at the time Baker became the branch manager. The defendant company was still under an obligation to complete the work. Plaintiff, who was the agent of the company in the territory in which the work was to be done and to whom complaints would come that the installation had not been completed, did the work for and on behalf of his employer with the consent and approval of the division manager. Defendant company received the benefits from plaintiff's work and cannot now defeat his claim upon the grounds that it was not included within the terms of the contract. Plaintiff's claim arises independently of the written contract and is not governed by it. Plaintiff's action is in the nature of quantum meruit for work and materials. Defendant, having been benefited by what the plaintiff did, must pay the reasonable value of such services. The instruction properly presented to the jury the issues as to whether the work and materials furnished by plaintiff were for the purpose of completing contracts previously entered into by defendant company, and which defendant was under obligation to complete, and that defendant received the benefit from plaintiff's work.

The next assignments are those dealing with defendant's two counterclaims. It is urged that "the verdict and judgment entered in defendant's first counterclaim is contrary to the law and the evidence for the reason that there was no evidence on which the jury could base a judgment in the sum of $225.00." Defendant's first counterclaim alleged that during part of the time plaintiff was employed as agent he collected $1,692.25 on contracts and accounts, for which sum he failed to make an accounting to defendant company. The evidence introduced tended to show that there were sums which had not been remitted to the Holland Furnace Company. Most of these items, plaintiff contended, were included in what he set up as cash received in his fifth cause of action, thereby accounting for the items in that way.

The claims not so accounted for (including the sum of $100 applied by plaintiff on a furnace installed in the house where he lived) totaled $225. The court instructed the jury that if it found that plaintiff had collected moneys on contracts and accounts which he had failed to pay to the company or deposit to its account, then they should find in favor of defendant on its first counterclaim "for such sum as you may so find that plaintiff collected and did not pay over to the defendant." There is no contention here that such instruction was error, yet it clearly leaves it to the jury to determine whether plaintiff had failed to account to defendant for all moneys collected and if so the amount thereof. In appellant's brief, counsel stated that the company "was entitled to a judgment of $1680.25, or that there was no cause of action." This is not correct. Under the evidence it was possible to conclude that part of the items claimed by defendant had been credited to it by plaintiff in his fifth cause of action. The jury must have determined that all of the items included in defendant's first counterclaim, with the exception of $225, had been accounted for by plaintiff or else that he had included them as credits in his fifth cause of action. The verdict, therefore, was not contrary to the law and the evidence.

There could be no error in returning a verdict of "no cause of action" on defendant's second counterclaim for the reason that plaintiff's fifth cause of action is based on the same transactions during the same period of time as those involved in defendant's second counterclaim. The difference lies in various items debited and credited by each party. The items submitted by plaintiff showed a balance in his favor of $510.67, while the items submitted by defendant showed a balance in its favor of $2,-192.48. There could not be a verdict for both plaintiff and defendant on this particular cause of action and this particular counterclaim. It was possible to find a balance in favor of only one of the contestants. The jury found for the plaintiff on his fifth cause of action. We have already

held there was no error in doing so. Therefore, there could have been no error in returning a verdict against defendant on its second counterclaim. In fact, such would have to be the result in order for the jury to make its verdict harmonious.

Defendant's concluding assignment of error urges that the court erred in refusing defendant's motion for a new trial. In support of its motion for a new trial the defendant set out similar causes to those included within its assignments of error. We have already disposed of them. Nor are any of the other arguments set out in support of its motion for a new trial tenable. The court did not err in refusing defendant's motion for a new trial.

The judgment of the lower court is hereby affirmed with costs to respondent.

HANSON, WOLFE, and MOFFAT, JJ., and WILL L. HOYT, District Judge, concur.

LARSON, J., being disqualified herein, HOYT, District Judge, sat in his stead.