LENKER, Respondent v. MUSILEK et al., Appellants

(59 N. W.2d 417)

(File No. 9334. Opinion filed June 25, 1953)

**J. F. Frame,** Burke, **Harold Lund,** Brookings, and **Claude Maule,** Winner, for Plaintiff and Respondent.

**G. F. Johnson,** Gregory, for Defendants and Appellants.

LEEDOM, J.   Plaintiff brought action to quiet title to a half interest in land against the defendant administrator and heirs whose decedent held full legal title at the time of his death. Plaintiff alleged, and tried his case on the theory, that he and decedent for several years prior to the latter's death had bought and sold land as partners sometimes taking in their joint names title to property acquired and sometimes taking title in the name of either singly; that the title to the land here involved had been acquired in decedent's name only and was in his name at the time of his death, but that plaintiff and decedent were equal owners both having paid their full shares of the purchase price at the time of decedent's death. The defendants admitted various joint purchases of real estate as alleged by plaintiff but claimed that during the period of such transactions decedent also dealt in lands solely for his own benefit and that the lands involved in the action had been purchased by decedent individually and that plaintiff had no interest whatever therein.   Defendants filed a cross-complaint for an accounting.   The parties stipulated that the land involved should be sold and the proceeds held in lieu of the land for the prevailing party.   The trial court found that decedent had acquired the land for himself and plaintiff jointly, that plaintiff had settled in full with decedent for the half interest, and entered judgment that plaintiff

have and recover one-half the money received from the sale. Defendants have appealed assigning as error insufficiency of the evidence to support the judgment. For the reasons hereinafter appearing we reverse the judgment.

Since respondent alleged payment of his full share of the purchase price and based his case on payment it was incumbent on respondent to prove payment. The judgment rests on a finding of such payment by respondent. If the evidence does not support such finding under the rules of evidence applicable then the judgment in favor of respondent is not warranted under this record. Whether or not the fiduciary relationship between plaintiff and the decedent as partners or coadventurers in the real estate business created a situation in which plaintiff might in a proper case be adjudicated owner of a half interest in the land without proving payment of his share of the purchase price, is a question not presented under this record, since as previously stated, the judgment entered is based on a finding of payment.

In such an action as this where the objective of the litigant is to establish an interest in land that is inconsistent with the record title, his proof must be stronger, more intense or of a higher degree than is required in ordinary litigation. In Sing You v. Wong Free Lee, 16 S.D. 383, 388, 92 N.W. 1073, 1075, this court said such proof must be clear, satisfactory and convincing. The rule is quite universal and has been reaffirmed by this court in numerous cases including the comparatively recent case of Scott v. Liechti, 70 S.D. 89, 94, 15 N.W.2d 1, 3.

Respondent's proof was directed toward (1) the establishment of an agreement between the parties that the land should be jointly acquired, and (2) to show payment of respondent's share of the price. It is not denied that decedent in the first instance paid the full price. The dispute as to payment relates to respondent's reimbursement of decedent for half the price. The proof as to the agreement and intention of the parties to buy and deal with the land as partnership property is much stronger than the proof as to payment. As to payment, respondent relies chiefly on a settlement made between the parties after the acquisition of this land

and shortly before decedent's death; and the circuit court's findings as to payment might fairly be said to rest almost entirely on such settlement. The other proof consisted of testimony of witnesses who stated in varying and general language that they had heard decedent say that he and respondent had fully settled their affairs and that respondent owed decedent nothing. The court's finding of fact numbered (11) is the finding dealing most fully with the question of payment. In it the court definitely finds that the settlement mentioned covered the land involved in the action and therein finds payment by respondent to be evidenced in such settlement. As a conclusion of law designated (1) the court finds as a fact "that the plaintiff had paid his full share of the purchase price of said land". If these findings are not supported by the evidence the judgment has no support in the trial court's decision. In finding (11) the court recites that certain witnesses testified "in substance" that respondent was no longer indebted to decedent but does not find that such testimony established in any degree the fact of payment. We however give to such testimony all the weight it deserves in determining the sufficiency of the evidence to support these findings.

Respondent claims that the settlement constituted an "account stated" behind which appellants cannot go to question payment of this purchase price. Admittedly respondent and decedent did settle certain of their accounts; they determined a balance in respondent's favor, and decedent paid the amount owing by check. Exhibits 3, 3-A, 3-B, 39 and 39-A are memoranda in respondent's handwriting bearing notations and figures relating to joint transactions involved in the settlement, and revealing in considerable detail the matters giving rise to the mutual debits and credits from which came the settlement figure. We have carefully studied this documentary evidence and all other exhibits some of which bear quite directly on the question as to whether or not this settlement between the parties was contemplated to include and included the land here involved.

The parties were not partners devoting their full time and business interests to a common partnership exclusive of all other business activity. Their common transactions could

quite properly be regarded as a series of joint ventures carried on incidentally to full time vocations followed by each party independently of the other. Their relationship was not being ended with the settlement in question. The settlement therefore did not have the characteristics of either a final settlement in the winding up of a general partnership or a periodic settlement of accounts to date, in the administration of such.

In the early case of Waldron v. Evans, 1 Dak. 11, 46 N.W. 607, this court held that an account stated does not bar a recovery for items not contemplated by the parties when the settlement was made. This is the settled law. 1 Am.Jur., Accounts and Accounting, §§ 22, 30; 1 C.J.S., Account Stated, § 45. The rule finds support in Starr v. Baldwin Piano Co., 59 S.D. 174, 238 N.W. 877.

The exihibts hereinbefore specifically designated as being those bearing the notations and figures comprising the settlement, that is, 3, 3-A, 3-B, 39 and 39-A, contain no reference to the land involved in this action. Details of other partnership transactions do appear. The absence of all mention of the disputed transaction raises a serious question to say the least as to whether or not the price paid by decedent for the land in dispute was reflected in the accounting made. Nowhere in the record is there any satisfactory explanation of this lack of record evidence as to the disputed transaction such as appears in connection with the parties' other joint ventures; nor is there any other substantial proof of payment.

The records kept on the joint transactions were not in good form, nor complete, and were inadequate perhaps to make a clear case of either payment or nonpayment of respondent's half of the purchase price here involved. Such circumstance is of course unfortunate for respondent who was required to support his allegation of payment with clear, satisfactory and convincing evidence. His chief reliance on an account stated which on its face does not include the transaction involving the question payment fails to meet the high degree of proof here required of him. In our opinion the deficiency is not satisfied by the witnesses who testified

they had on various occasions heard decedent casually say that he and respondent were out of debt, that respondent owed decedent nothing and that they had settled their affairs. Such statements are as consistent with an intention to defer settlement on the involved land until it might be sold, or with its abandonment as a joint venture, as they are with respondent's prior payment of his share of the price. This testimony as against the implications of the documentary evidence, subject as such testimony is to all the infirmities of oral recital of the recollection of casual conversations with a deceased person, and considered in the light of all the circumstances revealed by the record, has little if any probative force on the specific issue of payment of the particular item involved. We believe this record on the question of payment brings respondent under the rule heretofore adopted by this court that holds in effect a party to an action cannot make a stronger case than his own testimony shows. See Miller v. Stevens, 63 S.D. 10, 256 N.W. 152 and Harris v. Midwest Oil Company of South Dakota, 67 S.D. 300, 292 N.W. 397.

In our opinion the record preponderates against the trial court's finding that respondent's payment is established by clear, satisfactory and convincing evidence. The judgment from which the appeal is taken is therefore reversed.

All the Judges concur.