HENRY S. CARPENTER et al., Respondents, *v.* ELMORE A. KENT et al., Appellants.

101   591
144   688
101   591
171  ¹200
171  ²201

Where, after a settlement and adjustment of an account between the parties a mistake as to one item thereof is discovered, and an action is brought to correct the mistake, this does not give to the defendant a right to have the whole account opened; the mistake may be corrected and the right of the parties readjusted in regard thereto, but in other respects defendant

is bound by the account, actually settled, unless he can show some mistake or fraud in the settlement in respect to other items.

(Argued March 4, 1886 ; decided March 23, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of plaintiffs, entered upon an order made June 16, 1884, which overruled defendants' exceptions and directed judgment on a verdict. (Reported below, 18 J. & S. 371.)

This action was brought to recover back money alleged to have been paid and allowed by mistake on an adjustment of accounts between the parties.

The material facts are stated in the opinion.

*Robert L. Wensley* for appellants.    The final payment made by the plaintiffs was not made upon an account stated but was an accord and satisfaction.    (*Lockwood* v. *Thorne,* 18 N. Y. 288 ; *Stenton* v. *Jerome,* 54 id. 484 ; *Pierce* v. *Pierce,* 25 Barb. 252 ; *Neary* v. *Bostwick,* 2 Hilt. 519.)    Mutual compromises having been made upon the settlement of the account it cannot be opened ; nor can any evidence be given to impeach it. (*Lockwood* v. *Thorne,* 18 N. Y. 492 ; *Palmerton* v. *Huxford,* 4 Den. 166 ; *Farmers' Bk.* v. *Blair,* 44 N. Y. 652.)

*A. B. Tappen* for respondents.    Accounts once settled between parties after full examination will not be opened by the court unless fraud be alleged and satisfactorily proven ; but either party has a remedy for any manifest error or mistake which was not the subject of dispute or of settlement. · (Wait's Act. & Def. 196, 198 ; *McIntyre* v. *Warren,* 3 Abb. Ct. of App. Dec. 99 ; *Wilde* v. *Jenkins,* 4 Paige, 481.)    An action will lie to correct the mistake and collect the money, and if defendants in charging a draft to plaintiffs had undercharged the amount, they would have a like remedy to collect the difference. (6 Wait's Act. & Def. 427 ; *McDougal* v. *Cooper,* 31 N. Y. 498 ; *Stenton* v. *Jerome,* 54 id. 480.)    A mutual mistake of fact will authorize the court to correct an account in that respect.    (*Calkins* v. *Griswold,* 11 Hun, 208.)    The account

cannot be opened as to items disputed and adjusted, unless among other things the defendants refund the sum which they induced the plaintiffs to pay in settlement of the dispute. (*McMichael* v. *Kilmer*, 76 N. Y. 16.)

EARL, J. In the months of November and December, 1882, the defendants were commission merchants in the city of New York, and received from the plaintiffs, who were grain dealers in Chicago, consignments of grain for sale on their account, and honored their drafts against such consignments; and in those months these transactions amounted to upward of $60,000. In the last month, the defendants rendered their account to the plaintiffs, showing a balance due against them of $1,986.62. There was included in this account, as rendered, a charge against the plaintiffs for $1,550, as the amount of a draft paid, which charge is conceded to have been erroneous, but the error was unknown to both parties. The plaintiffs disputed the account in other respects, and, after considerable correspondence between the parties, offered to pay one-half of the balance claimed by the defendants, if they would accept it in full settlement. The defendants accepted the offer, and agreed to the settlement, and the plaintiffs paid $993.31, one-half of the balance, and received from the defendants a receipt therefor, which was stated to be in full for all demands to date. Thereafter the plaintiffs discovered the erroneous charge of $1,550, and demanded payment thereof from the defendants, who admitted the error, and offered to pay the plaintiffs the difference between $1,550, and $993.31, the amount relinquished by them in the settlement, with interest, and to go over the items and make a new settlement of the account. The plaintiffs refused the offer and brought this action to recover the $1,550 and interest.

There is no claim on the part of the defendants that there was any other mistake, upon the settlement between the parties, in reference to any other items of the account. There was a dispute as to two or three items, and those disputes were settled to the satisfaction of the parties. There never was any

dispute as to the $1,550. That amount the defendants owed to the plaintiffs on account of the grain which they had sold for them. We do not think that the defendants had the right to have the whole account opened, but that they were bound by the account actually settled, unless they could show some mistake or fraud in the settlement. (*Bruen* v. *Hone*, 2 Barb. 586.) Where an account has thus been adjusted by the parties, if any mistake is subsequently discovered, the whole account need not be opened and readjusted, but the mistake can be corrected and the rights of the parties readjusted as to such mistake. Here, leaving everything to stand just as the parties actually adjusted and settled the items of the account, there still remains due to the plaintiffs the sum which they claim in this action, and that sum they were entitled to recover without opening the account.

One of the defendants testified upon the trial that he did not know of the mistake at the time of the compromise; and he was then asked this question: "Had you known of the mistake would you have made the agreement you did make?" This question was objected to and excluded, and the defendants complain of this exclusion as error. As the mistaken item had nothing whatever to do with the settlement, it is not perceived how this question could have been truthfully answered in the negative, nor how any answer given could have been material. It was not an offer to show that the defendants were in any way influenced or induced by the mistake to make the settlement, and we think the question was incompetent.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.