MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.

———————————— •

EMMET STEVENS, as Executor of the Last Will and Testament of LEVI HILL, Deceased, Respondent, *v.* WILLIAM BARSS, Appellant.

*Accord and satisfaction — account stated — when it can be opened — conclusion of a referee — when it should not be disturbed on appeal.*

When a settlement of accounts between two persons amounts to an accord and satisfaction, one of such persons cannot recover from the other items omitted from the account, without showing fraud or mutual mistake. It is otherwise when such settlement was a mere account stated.

Before an account stated can be opened or corrected the proof should clearly show an error therein.

Where the evidence is conflicting the conclusion of a referee, based thereupon, should not be disturbed by an appellate court.

APPEAL by the defendant, William Barss, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 6th day of August, 1892, upon the report of a referee.

*Charles P. Coyle* and *A. Armstrong, Jr.*, for the appellant.

*S. H. Bevins* and *Potter & Lillie*, for the respondent.

PUTNAM, J.:

Plaintiff's intestate and defendant, who were co-partners, in January, 1889, had an accounting, on which there appeared to be due from deceased to the defendant $1,125. Defendant agreed to take the sum of $1,000, and deceased gave his notes therefor, which were afterwards paid.

The plaintiff, claiming that there were errors and mistakes in the said accounting to the amount of $454.74, brought this action. The issues in the action were referred, and the referee found in favor of the plaintiff.

We have entertained some doubt whether the transaction between the parties, at the time deceased gave the notes, did not amount to an accord and satisfaction. If so, plaintiff could not recover without showing fraud or mutual mistake. If the settlement between the parties was in fact an accord and satisfaction, no fraud or mutual mistake being shown upon the trial, the judgment cannot be sustained.

But, on carefully considering the evidence, we are of the opinion that the referee could properly find therefrom that the settlement was a mere accounting, and not an accord. The witness Coyle seems to have been allowed by both parties to draw off the account between them, and his statement of such account to have been acquiesced in by both parties. The testimony does not show any real dispute or controversy. Something was said about interest, but it does not appear that defendant insisted that he had a right to it. The evidence was such that the learned referee could properly find the transaction an account stated. Such being the case, an item or items omitted from the account may be recovered by decedent's

executor. (*Carpenter* v. *Kent*, 101 N. Y. 591; *Ract* v. *Duviard-Dime*, 21 N. Y. St. Repr. 736–740.)

Of course, before a stated account could be opened or corrected the proof should clearly show the error or mistake.

Whether there was sufficient evidence produced on the trial to show such error or mistake was a question of fact for the referee. There was testimony given on the trial by plaintiff tending to show such mistake. The deceased swore positively to the error, and was to some extent corroborated by the book of account which he produced. The testimony of the deceased was in some regards contradicted by defendant's witnesses.

On well-settled principles we cannot properly reverse the finding of the referee on the question of fact submitted to him. The evidence was conflicting; the referee saw the witnesses and heard them testify, and his conclusion should not be disturbed.

We have examined the case carefully and do not think that any of the exceptions taken by the defendant to rulings of the referee require discussion or call for a reversal of the judgment.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred

Judgment affirmed, with costs.