## HALE v. HALE.

1.  A partner sued his co-partner for a balance due him under their partnership agreement, alleging a settlement, and that defendant rendered plaintiff an account stated of the balance due, which defendant then agreed to pay. *Held* to state a good cause of action on an account stated after an accounting.
2.  Defendant in such action testified that he did not pay because there was a mistake in calculating the amount due, and offered testimony relating to the original subject-matter, which testimony was rejected. *Held* proper since the recovery was based on the subsequent agreement, constituting an account stated.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Meade county. HON. JOSEPH B. MOORE, Judge.

Acton by John D. Hale against James A. Hale. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Michael McMahon,* (*John F. McClung,* of counsel) for appellant.

*Wesley A. Stuart* and *Edwin Van Cise,* for respondent.

FULLER, P. J. After the preliminary averment that the parties litigant had jointly purchased horses and sold them to the United States for the use of its cavalry, pursuant to an agreement to share equally in all profits and losses, the ultimate facts upon which plaintiff obtained a judgment from which the defendant appeals, are stated thus: "That thereafter, and on or about the 13th day of December, A. D. 1898, the plaintiff and defendant had a settlement, and defendant made and rendered plaintiff an account stated of the balance of net profits due plaintiff on account of the sale of said cavalry horses to the government, showing the sum of seven hundred and twenty-seven dollars, which said defendant then and there agreed to pay plaintiff. But the defendant has failed, neglected, and refused, and still neglects and refuses, to pay the same, or any part thereof, except the sum of one hundred and seventy-seven dollars paid by defendant to plaintiff on December 14, 1898, leaving a balance due plaintiff on account of said account stated of five hundred and fifty dollars. Wherefore plaintiff demands judgment against defendant for the sum of five hundred and fifty dollars, with interest at seven per cent, per annum from December 13, 1898, besides his costs and disbursements herein expended or incurred." An exception was taken to the action of the trial court in overruling the following objection: "The defendant at this time objects to the introduction of any evidence in support of this complaint, for the reason that its face fails to state the cause of action, in this: that they alleged the partnership, that these men were co-partners, in a partnership business, and it is nowhere alleged that the partnership business has been settled." Considered in the light most prejudicial to the ruling, the objection is not sustainable, for the reason that a cause of action is well pleaded upon an account stated by the partners after an accounting between themselves, which amount appellant actually

agreed to pay. In the absence of mistake, fraud, or duress, an account stated by partners will not be opened for investigation, even in an action for an accounting. Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280, 5 L. R. A. 623; Gage v. Parmelee, 87 Ill. 329. Here it is alleged that payment was promised after an accounting and settlemen were had between the parties by which the exact amount due respondent was not only ascertained, but rendered and mutually accepted as an account stated. Now, the expression "account stated" has, in law, a well understood meaning; and facts amply sufficient to show its existence, together with a legal obligation to pay the amount specified, are sufficiently stated in a complaint most certainly entitled to immunity from such objection first made at the trial. Heinrich v. Englund, 34 Minn, 395, 26 N. W. 122; Bouslog v. Garrett, 39 Ind. 338; McFarland v. Cutter, 1 Mont. 383; Pom. Rem. 538.

In support of his complaint, respondent testified in part as follows: "On or about the 13th day of December last there was a difference between us as to the balance due me on our partnership dealings in horses. I came to Sturgis on that day to adjust this difference with him at Mr. Hoehn's office. The defendant went with me. Mr. Hoehn and the auditor were present at Hoehn's office at the time. We agreed to leave the case to Max Hoehn as an arbitrator. He took Mr. Hale's books first. I said, 'We are trying to get at what is coming to me.' The defendant said, 'I can tell you.' He took his book and piece of paper and his pencil, and figured awhile, and said, 'There is seven hundred and twenty-seven dollars coming to you.' I said, 'That settles it, we will have no more talk over this matter.' Mr. Hoehn said 'Reddy' (meaning the defendant), 'are you satisfied?' 'Yes.' 'Jack, are you satisfied?' 'Yes.' 'Well then, I have nothing more

to do,' said Max, 'in this matter.' * * * We went down to Wyttenbaugh's and he gave me an order (check) for five hundred dollars in one place, and one hundred and seventy-seven dollars in another place. I told him I wanted one check for five hundred dollars to pay Tom, and the balance to send to the Bank of Deadwood. He gave me two checks." It was shown that these parties on the same day discovered a mistake of $50, which was, by mutual consent deducted from the account stated, reducing the amount thereof to $677; and appellant testified at the trial that he stopped payment of the $500 check, with notice to respondent, for the reason that there was a further mistake in calculating the amount due. While the very object of suing on an account stated is to avoid the necessity of proving the correctness of the items composing it, mistakes subsequently disclosed may be corrected without opening up and readjusting the entire account. Carpenter v. Kent, 101 N. Y. 591, 5 N. E. 787; Bruen v. Hone, 2 Barb. 586; Wiggins v. Burkham, 10 Wall, 129, 19 L. Ed. 884. As a recovery did not depend upon the various items of indebtedness arising from former transactions, but upon the agreement of the parties subsequently made, and which constitutes an account stated, the court very properly rejected testimony relating to the original subject-matter, and the assignments of errors relating thereto are without merit. Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. That there was a mistake other than the $50 mutually agreed upon at the trial, respondent expressly denies; and the evidence being submitted to the jury, under instructions of which appellant has no just cause for complaint, the judgment appealed from is affirmed.