FRANK FURMAN, Respondent, v. ELMER TERBUSH, Appellant.

Third Department, June 30, 1919.

Account stated — correction — effect — action for balance on account stated — answer admitting account but alleging mistake in computation in favor of defendant for balance sued on — judgment for defendant bar to subsequent action to recover on same transaction.

A mistake, shown to exist in an account as stated, may be corrected, leaving the account in full force and vigor as a stated account as corrected.

Where the plaintiff brought an action on an account stated, alleging a balance due, and the defendant answered admitting the account stated, but alleging a mistake in his favor in computing the account of an amount equal to the balance claimed to be due, a verdict by the jury for the defendant and a judgment entered thereon is a bar to a subsequent action to recover upon the same transaction which formed the basis for the account stated, sued upon in the former action.

APPEAL by the defendant, Elmer Terbush, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 3d day of November, 1917, upon the decision of the court after a trial before the court without a jury.

This is an action for goods sold and delivered between October 1, 1912, and September 1, 1914. The defense is that a judgment in favor of the defendant in a former action by the plaintiff against the defendant is a bar to this action.

In the former action the complaint was as follows: "The plaintiff complains of the defendant and alleges: *First.* That heretofore on the 24th day of November, 1914, the said plaintiff and defendant came to an accounting together and an account was stated between the said plaintiff and defendant, and that on such accounting defendant was found to be indebted to the plaintiff in the sum of Five Hundred Fifty Dollars ($550.00), which amount defendant promised to pay. *Second.* That defendant has not paid said sum of $550.00 or any part thereof, except the sum of $447.34, for which amount defendant has given notes which were accepted by plaintiff, and that there still remains due and unpaid to this plaintiff the sum of $102.66. Wherefore plaintiff demands judgment

against the defendant for the sum of $102.66 with interest from November 24, 1914, and the costs of this action."

The answer was as follows: " The defendant, for an answer to the complaint herein, alleges that he admits that on or about the time stated in the complaint he did meet with the plaintiff to go over their accounts and that they did agree upon a settlement of the same, showing a balance of $550 due the plaintiff, but on the following day the defendant discovered that they had made a mistake in figuring up the accounts as plainly shows upon the face and that the correct balance due the plaintiff is $447.34, instead of $550.00, that this defendant paid the correct amount, to wit: $447.34, on the following day as agreed. That the plaintiff retained the same and this defendant therefore alleges that the said account as claimed and stated by the plaintiff was erroneous by reason of said mistake in adding and subtracting the figures therein and alleges that the said account is honestly $447.34, and that he asks that the said account be corrected by reason of said mistake, all of which he will show to the court."

At the trial of that action a jury rendered a verdict in favor of the defendant and judgment was entered dismissing the complaint.

At the trial of the present action it was stipulated that the notes mentioned in the complaint in the former action in the sum of $447.34 were paid in full before the trial of that action.

It was also stipulated " that the account sued upon in this action is based upon the same transaction which formed the basis for the accounts stated, sued upon in the former action."

*John R. De Vany,* for the appellant.

*H. Westlake Coons,* for the respondent.

COCHRANE, J.:

The former action was on an account stated and the defendant had judgment therein.

" A judgment for defendant in an action on an account stated, on the ground that no account had been stated, is not a bar to a subsequent action on the open account." (1 C. J. 730.)

That rule is inapplicable here because the defendant did not recover his judgment in the former action " on the ground that no account had been stated."

Both pleadings in that action allege an account stated. Both pleadings also show the receipt and retention by the plaintiff by virtue of an account stated of $447.34 which it is admitted the plaintiff retained and had in his possession at the time of the trial of the former action.

The answer in that action admits that an account was stated as alleged in the complaint therein but alleges that there was a clerical mistake in the mathematical computation and that the correct balance instead of being $550, as claimed by the plaintiff, was $447.34, the amount actually paid to the plaintiff and retained by him.

The only issue before the jury, therefore, in that action was whether there had been a mistake in computation and on that issue the jury found in favor of the defendant.

That finding by the jury did not destroy the account stated. The rule is well established that where a mistake is shown to exist in the account as stated, such mistake may be corrected leaving the account in full force and vigor as a stated account as corrected. (*Bruen* v. *Hone*, 2 Barb. 586; *Carpenter* v. *Kent*, 101 N. Y. 591, 594; *Conville* v. *Shook*, 144 id. 686; *Ballard* v. *Beveridge*, 171 id. 194, 200; *Jarvie* v. *Arbuckle, No. 1*, 163 App. Div. 199, 207; *Staiger* v. *Klitz*, 136 id. 874, 878.) The propriety of that rule is especially pertinent in the present case where the mistake consisted simply in a matter of computation not affecting the integrity of any of the items which were the subject of that computation.

The defendant introduced in evidence the judgment roll in the former action. The evidence and charge of the court to the jury in that action are not before us. We must assume, therefore, that the case was submitted to the jury and determined by them on a theory consistent with the pleadings. The pleadings admit no other theory than that there was an account stated between the parties, a clerical error in making the statement, and a payment in full of the corrected amount. Those facts having been judicially determined in the former action the judgment therein in favor of the defendant bars a recovery by the plaintiff herein.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide the event.