THOMAS M. STANLEY, Plaintiff, *v.* DANIEL J. LEARY and WILLIAM C. REID, Copartners, Doing Business under the Firm Name and Style of LEARY & Co., Defendants.

Supreme Court, Kings Special Term, May, 1923.

Master and servant — contracts — employment of sales manager on percentage basis — accounting — mutual mistake of law and fact — readjustment of salary decreed — federal income tax deductions.

Where the settlement of an account is the result of mutual mistake both of law and of fact the whole account need not be readjusted but only those items which were the result of such mistake.

Where the compensation of plaintiff as sales manager of the business of a copartnership is to some extent based upon profits earned, such compensation for the

year 1917, under section 214 of the Revenue Act of 1917, is properly deductible before payment of taxes for that year upon the theory that such compensation is an expense of the business.

Plaintiff was employed as sales manager of the business of a copartnership at a stated salary and in addition thereto a commission of five per cent computed annually upon the net profits of the business done during the year, commencing January 1, 1914. In 1917 defendant based plaintiff's commission on the difference between profits earned during that year and the taxes paid by them under the Revenue Act of 1917. In an action for an accounting it appeared that upon the settlement of the account at the close of the year 1917, it was agreed that plaintiff's commission should be based upon the profits after deducting the taxes.paid to the government. The books were closed upon that basis and plaintiff accepted defendants' check for his commission, so computed. Later the federal authorities refused to permit plaintiff to deduct from his personal tax return the amount already paid by him indirectly through defendants. *Held*, that the account between plaintiff and defendants as stated was the result of a mutual mistake of both law and fact and the account will be readjusted as to the particular item and judgment rendered in favor of plaintiff for the amount claimed.

Action for an accounting.

*George R. Holahan, Jr.* (*Anson B. Cole*, of counsel), for plaintiff.

*Siegfried F. Hartman,* for defendants.

Callaghan, J. In the year 1913 the defendants employed the plaintiff in their lumber business as sales manager and agreed to pay him a given salary, and from January 1, 1914, in addition to the salary a commission of five per cent, to be computed annually upon the net profits of the business done during the year. The plaintiff continued in the employment of the defendants until June, 1921. The defendants are copartners. By the Revenue Act of 1917 (§ 201) an excess profit tax was imposed upon copartnerships. The law so far as it imposed an excess profit tax on copartnerships was later repealed, so that it applied so far as this action is concerned only to the year 1917. The defendants as copartners in the lumber business made a profit of $204,459.97 during the year 1917. From this profit they paid a tax of $86,576.35. In computing the amount due plaintiff the defendants first deducted the tax paid.the government and based the amount of plaintiff's commission on $117,883.62, the difference between the profits earned by defendants and the sum paid as taxes. It is the claim of the plaintiff that his commission should have been computed on the sum of $204,459.97, and while this action was brought for an accounting there is one item only of the account between the parties challenged. At the time of the settlement of the account at the close of the year 1917 the parties had many discussions about the method of computing the amount of plaintiff's

compensation. All agreed that the commission should be based upon the profits after deducting the amount of taxes paid the government. The books were closed on that basis and plaintiff accepted willingly a check for his commission so computed. Later the federal authorities refused to permit him to make a deduction from his personal tax return of the amount already paid by him indirectly through the defendants. He remained silent, however, until some time after he had severed his relations with the defendants before beginning this action. The plaintiff was in no sense a partner of the defendants, yet it it apparent that they regarded him as such and based his compensation upon the profits after deducting the tax for the year 1917. He was an employee and differed only from the ordinary employee in that his compensation was to some extent based upon the amount of the profits earned. The compensation of an employee is an expense of the business and is properly deductible before taxes are paid. The authority for such deduction is found in section 214 of the present Revenue Act, which provides that all necessary expenses, "including a reasonable allowance for salaries or other compensation for personal services actually rendered," may be deducted, and the amount of such deductions is not subject to review by the treasury department. *United States* v. *Philadelphia Knitting Mills Co.*, 268 Fed. Rep. 270. A bonus paid to employees is deductible (Rossmoore on Federal Income Tax Problems, 1922, p. 113); so are salaries in the form of contingent compensation. Rossmoore, p. 116. The right to deduct a salary based upon the amount of business done on the theory that such is an expense of the business has been recognized in *Bennett* v. *Millville Improvement Co.*, 67 N. J. L. 320, 323. That question was not passed upon by the Circuit Court of Appeals in *Ransome Concrete Machinery Co.* v. *Moody*, 282 Fed. Rep. 29. The District Court expressed no opinion on that question (p. 36). The income tax provisions were enacted long after the agreement for compensation was made between these parties. They could not, therefore, have contemplated that such a tax would be imposed. This fact as well as the provision in our law for the deductions of salary and other compensation as expenses of the business before the tax is paid may account for the contrary views expressed in *Patent Castings Syndicate, Ltd.*, v. *Etherington*, L. R. (1919) 1 Ch. 306. That ruling was based upon the English Income Tax Statute. It would seem, therefore, that inasmuch as the amount of plaintiff's commission was deductible as an item of expense, such computations should be based upon the profits before any deduction for the payment of taxes. But the defendants urge that no recovery can be had here as the parties stated an account by which each is bound.

The account as stated is the result of a mutual mistake of both law and fact. It is the established law of this state that where a settlement of an account is the result of fraud or mistake of law or of fact that the account may be impeached and readjusted by proof of such fraud or mistake. The whole account need not be disturbed. Those items only which were settled as a result of the fraud or mistake will be readjusted. *Carpenter* v. *Kent,* 101 N. Y. 591; *Conville* v. *Shook,* 144 id. 686; *Ballard* v. *Beveridge,* 171 id. 194, 200; *Samson* v. *Freedman,* 102 id. 699. As there is no dispute here necessitating an accounting, plaintiff may have judgment for the amount claimed.

Judgment accordingly.