MILTON A. ROTH, Respondent, *v.* EMBOTELLADORA NACIONAL, INC., Appellant, et al., Defendants.

First Department, April 30, 1956.

*Thorold J. Deyrup* of counsel (*Robert H. Seabolt* with him on the brief; *Berle, Berle, Agee & Land,* attorneys), for appellant.

*Alfred S. Julien* for respondent.

FRANK, J. The prime question of those posed on this appeal is whether net profits should be computed before or after the deduction of income taxes and whether the term "expenses" includes such taxes.

Plaintiff has recovered judgment against defendant for damages for a breach of contract of employment. Implicit in the jury's verdict was the finding that the letter agreement dated October 18, 1943, was a valid contract binding on the corporate defendant, the successor in interest of Josef Gorelik & Co., Inc., the original employer. The letter contract provided for the payment of a weekly salary of $85 to plaintiff, and an additional sum equal to 10% of the "net profits of this corporation and any of its subsidiaries * * * as determined by deducting from this corporation's earnings and the earnings of any of its subsidiaries, all expenses of any and every nature together with all salaries paid to corporate officers."

The jury's award of $44,818.85 was based upon the profits for the period in question without the deduction of income taxes as certified by the accountants representing the parties. The accountants also agreed that Federal income taxes for the same period amounted to $105,387.88.

We are satisfied that, save in one respect, the cause was properly submitted to the jury and the verdict amply sustained by the proof.

The record discloses that the parties agreed that "the question of taxes is not a factual question to be submitted to the jury". Predicated upon that stipulation, the court ruled that "net profits" were to be computed before the deduction of corporate income taxes, and, in effect, so charged the jury. It is for us to decide whether that interpretation was correct.

Parenthetically, it may be stated that the views here expressed are in accord with the analyses of accepted accounting procedures made by many recognized experts and teachers in the accounting profession. Robert H. Montgomery, certified public accountant, in his treatise *Auditing Theory & Practice,* in defining the term "net income" in profit sharing arrangements states as follows (p. 421): "When an employee is entitled,

under contract, to a share in the net income of a concern, the contract should define the term ' net income ' and cover the treatment of such items as: * * * income taxes. If the term is not defined in the contract, good accounting practice would permit the deduction in arriving at net income of reasonable depreciation and other allowances, salaries, and income taxes ''.

In *Auditing — Principles & Procedure* (4th ed., p. 707) by Arthur W. Holmes, certified public accountant and professor of accounting, University of Cincinnati, there is the unequivocal statement that Federal income taxes are an expense. Stanley B. Tunick and Emanuel Saxe, both certified public accountants and professors of accounting at the City College of the City of New York, in their volume *Fundamental Accounting* (1st ed., p. 692), state that income taxes are charges against the income of the period in which it is earned.

Finney and Miller in their volume, *Principles of Accounting — Introductory* (4th ed., p. 96) state: '' Income taxes should be charged to an expense account in the period in which the total income was earned. As a general rule, the balance of the Income Tax Expense account is shown as the last expense item in the profit and loss statement ''.

It thus appears that in the auditing of books of account and in the preparation of profit and loss statements, income taxes are deducted before net profits are determined. Common experience demonstrates that this is the practice generally followed in the annual reports to stockholders issued by most corporations whose securities are listed on the New York Stock Exchange.

Under the contract between the parties it is manifest that '' all expenses of any and every nature '' were intended to be deducted before the net profit, upon which the bonus was to be paid, was ascertained.

Research has failed to disclose any case in this State upon the precise point here involved. There are a few in this and other jurisdictions, however, which may, by analogy, serve as guideposts. In *Stanley* v. *Leary* (120 Misc. 808) the trial court found that excess profits taxes were not to be deducted before computing the net profit. The determination was reversed, however, by the Appellate Division (208 App. Div. 714) '' upon authority of *Ransome Concrete Machinery Co.* v. *Moody* (282 Fed. Rep. 29, 36) '' and such reversal was affirmed by the Court of Appeals (240 N. Y. 659).

In the *Ransome* case (p. 31), the Circuit Court of Appeals, Second Circuit, held that, '' Under a contract employing one

as general manager of a corporation for a fixed salary and percentages of net profits, excess profits taxes are to be deducted in computing the net profits.''

In *Swaller* v. *Williamson Milling Co.* (116 Kan. 329, 338) it was held that, '' income taxes are operating expenses for the purpose of determining reasonableness of a public-utility rate.''

In *Homes* v. *Buckley & Co.* (165 La. 874, 879) the Supreme Court of Louisiana stated: '' The tax annually exacted by the federal government on net corporate income means, simply, that every dollar of net profit earned by a corporation during the year must bear a certain charge for governmental purposes. It is immaterial whether such charge be designated as an expense or a profit sharing tax, neither the profits of a corporation, nor any one interested in its profits, is immune from its operation. The federal corporate income tax is, therefore, an expense of the corporate business. * * * According to the rules of accountancy, the expenditure of money must be considered either as an asset or as an expense. The income tax is clearly not an asset. It must necessarily, therefore, be considered and treated as an expense. Where any employee who, in addition to receiving a stipulated salary, also receives, in the nature of a salary, a percentage of the net profits of a corporation, the net profits necessarily cannot be determined until all expenses, including the income and excess profits tax, are deducted from the profits.''

In *Hope Natural Gas Co.* v. *Federal Power Comm.* (134 F. 2d 287, 308) the Circuit Court of Appeals, Fourth Circuit, stated, '' It is elementary that taxes, including income taxes paid the federal government, are proper elements of expense of operation.''

*Neeson* v. *Sangamon Co. Mining Co.* (229 Ill. App. 225, 228) has striking factual similarity with the case at bar. The Appellate Court of Illinois held that, '' in arriving at the net profits of the appellant company's business, the amount of the income tax paid should have been credited as a necessary expenditure of the business.''

Consequently, it appears that the weight of decisional authority indicates that income taxes are an expense in the operation of corporate business.

We must hold, therefore, that it was incorrect to compute the plaintiff's additional compensation before deducting the corporate income taxes.

Nevertheless, the error does not require a new trial, because the litigants, as heretofore indicated, stipulated that the question posed was not to be submitted to the jury but was to be

decided by the court as a question of law. The correct amount of the judgment to which the plaintiff is entitled can be precisely determined from the record.

The judgment should, therefore, be modified to a sum to be computed at 10% of the net profits remaining after the deduction of income taxes. Settle order.

BREITEL, J. P., RABIN and COX, JJ., concur; BASTOW, J., dissents and votes to affirm.

Judgment modified to a sum to be computed at 10% of the net profits remaining after the deduction of income taxes. Settle order on notice.