In an action to recover money alleged to have been loaned under an oral agreement to finance defendant’s medical education (1st cause of action) and to recover the balance due upon an oral account alleged to have been stated between the parties respecting money advanced pursuant to said agreement (2d cause of action), the appeal is from (1) a judgment dismissing the amended complaint and (2) an order made at the opening of the trial, to which an exception was taken, compelling appellant to elect between the first and second causes of action. Appellant elected to proceed upon the second cause of action. Judgment, insofar as it dismisses the first cause of action alleged in the amended complaint, reversed, said cause of action severed and a new trial granted on that cause of action, with costs to abide the event. Judgment, insofar as it dismisses the second cause of action alleged in the amended complaint, affirmed, without costs. The evidence adduced in support of appellant’s claim that an account had been stated tended to establish that in December, 1949 she had a discussion with respondent concerning his indebtedness to her. Appellant testified that she demanded payment of the indebtedness which she stated to be “ every bit of $25,000.00, if not more.” Respondent disputed this claim and asserted that it was only “about $15,000.00 or over.” Appellant then stated to respondent that if he felt that he wanted to “bargain it down to fifteen thousand and some odd hundred” she would “let him have it his way.” Respondent .agreed, and, paid $200 on account, promising to pay the balance *1008 within a year. Appellant was uncertain whether the amount agreed upon was $15,500 or $15,700. At the close of appellant’s evidence and of the entire case, respondent moved to dismiss the complaint on the ground that the evidence was insufficient to establish a prima facie ease on an account stated, claiming that the evidence established at most an oral executory accord. The motions to dismiss on this ground were denied, but the amended complaint was dismissed on the ground that appellant had failed to prove any specific loans within six years prior to the time when the account was alleged to have been stated. In our opinion, the second cause of action was properly dismissed, but not for the reasons stated by the learned trial court. If the evidence was sufficient to establish prima facie an account stated, appellant was not obliged to prove, in addition thereto, that the items of the account concerned loans made within six years prior to the statement of the account. The burden was on respondent, who had pleaded the Statute of Limitations, to establish his defense. Furthermore there was evidence of a payment by respondent of a portion of the balance which he was alleged to have admitted .to be due, under such circumstances as to toll the statute (cf. Crow v. Gleason, 141 N. Y. 489, 493). The evidence adduced however, was insufficient to establish an account stated. There was coneededly no acknowledgment by either party as to the correctness of the other’s statement of the account between them, or of the balance struck on the occasion of the alleged adjustment of the demand made by appellant (cf. Stevens v. Barss, 74 Hun 388; Lockwood v. Thorne, 18 N. Y. 285, 288). The most that appellant’s evidence could have established was the settlement of a disputed claim by an oral executory accord which was unenforcible (Personal Property Law, § 33-a), and respondent’s motions to dismiss on that ground should have been granted. However, it was error to compel appellant to elect between the first and the second causes of action, and to dismiss the first cause of action. When appellant was compelled to make her election, all that was before the court was a pleading alleging in one cause of action money loaned and in the other an account stated.. The two causes of action were not mutually exclusive (cf. Tuck v. Rottkowsky, 47 Misc. 386). At most a severance should have been directed (Civ. Prac. Aet, § 258). Appeal from order dismissed, without costs. No such order is printed in the record.
Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., coneur.